PETER BROZEK and ANNA BROZEK, His Wife, Appellants, v. STANLEY PATCH, CHARLOTTE PATCH, Defendants; STANLEY PATCH LUMBER CORPORATION, Respondent.— The mortgagees made application for an order directing Stanley Patch Lumber Corporation, the last record owner of the property, to make available to the mortgagees all records and data showing income and disbursements, pursuant to section 1077-c of the Civil Practice Act, so that it might become known whether the mortgaged premises produced a surplus over and above the taxes, interest and other carrying charges. The motion was denied. Order affirmed, without costs, with leave to the mortgagees to make a new motion at Special Term for relief. The facts stated in the record are insufficient to warrant the relief sought; and the mortgagees asked for greater relief than that to which they were entitled. It may be that upon a proper showing the mortgagees may become entitled to an order directing the defendant corporation to show the amount paid or allocated by it for rental or use and occupation of the premises owned and occupied by it in the conduct of its business, or the fair rental value thereof. Lazansky, P. J., Young, Davis, Johnston and Adel. JJ., concur.

WILLIAM T. CARROLL, Respondent, v. ALLAN TOPPING, Appellant.— Order of the City Court of the City of White Plains striking out defendant's answer, separate defense and counterclaim and directing entry of judgment against the defendant, and judgment entered on said order, unanimously affirmed, with ten dollars costs and disbursements. In an action by plaintiff, a dentist, to recover the agreed price and reasonable value of professional services rendered the defendant, in which the defendant admits that services were rendered but disputes the agreed price and reasonable value of the services and attempts to set up a counterclaim for malpractice, the defendant has failed to show evidentiary facts sufficient to entitle him to defend where the uncontradicted proof is not only that he never protested against the plaintiff's claim but that subsequently to discovery of the claimed defects in the work performed by plaintiff and his treatment by another dentist he admitted in writing his indebtedness to the plaintiff in the amount claimed, and also in the absence of any competent proof that the work done by the plaintiff was the cause of or in any way connected with the condition of the defendant's mouth one year after the work of which he complains was completed by the plaintiff or that such subsequent condition was the result of any lack of skill or negligence on the part of the plaintiff. Present — Young, Hagarty, Davis, Johnston and Adel, JJ.